IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATIONAL RISK MANAGEMENT LLC, | No. C 12-0584 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| UNION BANK, N.A., | |
| Defendant. | |

This matter concerns a dispute over software owned by plaintiff Operational Risk Management LLC ("ORM") and licensed by defendant Union Bank N.A. ("Union Bank"). ORM has brought the following claims against Union Bank: (1) copyright infringement; (2) breach of contract; (3) violation of California's unfair competition statute; and (4) unjust enrichment. Union Bank has moved to dismiss ORM's claim for copyright infringement pursuant to Fed. R. Civ. P. 12(b)(6). A hearing is scheduled for May 18, 2012. Pursuant to Civil Local Rule 7-1(b), the Court determines that these matters are appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendant's motion to dismiss plaintiff's copyright claim.

**BACKGROUND**

ORM is a software provider. Compl. ¶ 6. It has developed, and owns the copyright on, a risk management compliance system called "ORM Compliance and Operational Risk Program" version 7.0

("the Software"). *Id.* ORM licenses the Software to third-parties to assist with their internal risk management efforts. *Id.* at ¶ 7. In September 2010, ORM entered into a license agreement with defendant Union Bank for the use of the software. *Id.* at ¶ 9-10. Union Bank had intended to use the Software to provide "additional risk management capabilities" by supplementing its use of IBM OpenPages, another risk management platform. *Id.* at ¶ 16. Under the license agreement, Union Bank had the right to "provide access to the Software and Documentation to any internal or external auditors . . ., provided that such auditors . . . comply with the terms of [the Licensing] Agreement, including the confidentiality provisions." License Agreement, Ex. B, ¶ 16(I); Compl. ¶ 11. Union Bank exercised this right in June 2010, and the audit was performed by David Hayeems of Resources Global Professionals. Compl. ¶ 11.

On November 2, 2011, Union Bank gave notice of its intent to terminate the license agreement. *Id.* at ¶ 12; Ex. C. ORM alleges that Union Bank endeavored to create software that would "replace the additional risk management capabilities provided by" ORM's software. *Id.* at ¶ 18. To that end, Union Bank developed a "business requirements document" that outlined the programming details that would be necessary for any software to provide the additional risk management capabilities that would supplement IBM OpenPages. *Id.* at ¶ 17. This document, which ORM fears contains its confidential intellectual property, was provided to IBM, which is one of ORM's competitors. *Id.* However, ORM remains unable "to determine if any unauthorized disclosure occurred" because Union Bank has refused to share this document with ORM. *Id.*

According to the Complaint, Union Bank engaged Hayeems to develop software to replace ORM's software. *Id.* at ¶ 18. To facilitate that process, Union Bank "disclosed the Software and related documentation" to Hayeems. *Id.* at ¶ 20. ORM states that "the access Hayeems obtained in connection with the audit will make it inevitable he would develop replacement software utilizing the intellectual property of [ORM]." *Id.* at ¶ 19. In addition, any replacement software that Hayeems develops which uses "the proprietary structure, sequence and organization of the Software . . . without authorization would be a derivative work infringing [ORM's] copyrighted work." *Id.* at ¶ 20. ORM further asserts that, "if [Union Bank] has not yet infringed [ORM's] copyright," Hayeems' development of replacement software "inevitably will infringe [ORM's] copyright." *Id.*

**LEGAL STANDARD**

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court examines the complaint to determine if it states claims upon which relief can be granted. *Gonzalez v. Metropolitan Transp. Auth.*, 174 F.3d 1016, 1018 (9th Cir. 1999). The court must take all factual allegations found in the complaint as true and construe them in the light most favorable to the plaintiff. *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). In order to avoid dismissal for failure to state a claim, the plaintiff has the burden of submitting a "short and plain statement of the claim showing that [he or she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, such a showing "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 350 U.S. 544, 555 (2007). Rather, the complaint must contain factual allegations that "raise a right to relief above the speculative level." *Id*. The complaint must do more than contain a "statement of facts that merely creates a suspicion [of] a legally cognizable cause of action." *Id.*

In the event that the court dismisses a complaint because the plaintiff has failed to meet its burden of pleading, "leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Id.* at 1108 (*quoting Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988) (alteration in original)). This liberality with which courts are to grant leave to amend is consistent with Rule 15(a)(2)'s requirement that courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

**DISCUSSION**

ORM seeks damages, injunctive relief, and declaratory relief based on its copyright claim. In order to state a claim for copyright infringement, a plaintiff must allege (1) that is owns the copyright, and (2) that the defendant has copied protected elements of the work. *See Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1442 (9th Cir. 1994).

ORM has sufficiently alleged that it owns the copyright on the Software. Compl. ¶ 8. However, ORM has not sufficiently alleged copying. A plaintiff can establish that a defendant has copied its copyrighted work by showing both that the defendant had "access [to the copyrighted work] and [that there exists a] substantial similarity of both the general ideas and expression between the copyrighted

3

1  work and the allegedly infringing work." *Id.* While ORM has alleged that Union Bank had access to
2  its copyrighted work, it has failed to allege that there exists a substantial similarity between the
3  copyrighted work and the allegedly infringing work, because ORM has not alleged that Union Bank has
4  created another work. The entire infringement claim is based on the concern that Hayeems' access to
5  proprietary information "will make it inevitable [that] he would develop replacement software" that
6  "would be a derivative work infringing" ORM's copyright. Compl. ¶ 19-20. ORM admits in the
7  Complaint that it is currently unable to "confirm or negate [Union Bank's] use of [ORM's] confidential,
8  copyrighted information." ORM thus alleges only that it suspects, anticipates, or fears that Union Bank
9  will, in the future, infringe its copyright. These hypothetical allegations remain at "the speculative level,
10 which is insufficient for pleading purposes." *Twombly*, 350 U.S. at 555; *Canter v. Associates, LLC v.*
11 *Teachscape, Inc.*, 2007 U.S. Dist. LEXIS 94648 (N.D. Cal. 2007) (Seeborg, J.) (dismissing copyright
12 infringement claim because plaintiff's "lack of knowledge . . . does not transform what is essentially a
13 guess into a cognizable claim"). ORM argues that "a high degree of access requires a lower standard
14 of substantial similarity." Pl.'s Opp. at 4 (*citing Swirsky v. Carey*, 376 F.3d 841, 844 (9th Cir. 2004)).
15 This concept, however, does not altogether eliminate the requisite showing of substantial similarity of
16 an allegedly infringing work.

17 ORM alternatively argues that its claims are justiciable because its allegations satisfy the
18 requirements of the Declaratory Judgment Act. *See* Pl.'s Opp. at 6; 28 U.S.C. § 2201. However, the
19 Declaratory Judgment Act requires that "the dispute be definite and concrete . . . and be real and
20 substantial and admit of specific relief through a decree of a conclusive character, as distinguished from
21 an opinion advising what the law would be upon a hypothetical state of facts . . ." *MedImmune, Inc. v.*
22 *Genentech, Inc.*, 549 U.S. 118, 127 (2007). The Court cannot issue a declaration that Union Bank has
23 infringed ORM's copyright based on ORMs' conjecture that Union Bank may do so in the future.
24 Moreover, plaintiff's statement that it has "a right to declaratory relief regarding Plaintiff's copyright
25 ownership" is confusing, as the validity of ORM's copyrights has not been raised by either party; Union
26 Bank does not contest that ORM owns a valid copyright in the Software. *See* Def.'s Reply at 6.

27 The Court therefore DISMISSES ORM's copyright infringement claim. Leave to amend should
28 be granted if it appears at all possible that the plaintiff can correct the defect. *Id.* at 1108 (*quoting*

4

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988) (alteration in original)). As the facts currently stand, ORM cannot correct the pleading defect by simply amending its complaint; ORM. may not simply guess as to Union Bank's future activities. The Court therefore finds leave to amend inappropriate here. Instead, the Court dismisses the claim without prejudice; if plaintiff discovers evidence that suggests Union Bank is infringing plaintiff's copyright, it can re-raise the claim.

## CONCLUSION

ORM has failed to state a claim for copyright infringement because it has failed to allege that Union Bank has created any software that infringes ORM's copyrights. Therefore, the claim for copyright infringement is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: May 15, 2012

SUSAN ILLSTON
United States District Judge